CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
Harrisonburg
MAY 14 2008
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 5:06CR00038-005 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| EUGENE LAPOINT, | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | United States District Judge |

This case is presently before the court on the issue of whether the defendant should receive a reduction in sentence pursuant to the United States Sentencing Commission's retroactive application of the amended guidelines pertaining to crack cocaine. For the following reasons, the court finds no viable reason why the defendant should not receive the benefit of the amendment.

On February 1, 2007, the defendant, Eugene Lapoint, pled guilty, pursuant to a written plea agreement, to one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The defendant was sentenced on April 23, 2007. Under the advisory sentencing guidelines, the defendant had a total offense level of 36 and a criminal history category of II, resulting in a guideline range of imprisonment of 210 to 262 months. The defendant was ultimately sentenced to a 188-month term of imprisonment, after the court varied downward to avoid a sentencing disparity with a co-defendant.

Pursuant to its statutory authority, the Sentencing Commission amended the sentencing guidelines applicable to criminal cases involving crack cocaine, or cocaine base, effective November 1, 2007. Specifically, the Sentencing Commission amended the drug quantity table set forth in U.S.S.G. § 2D1.1(c), such that crack cocaine quantities were generally lowered by two levels. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally,

the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

Under the amended guidelines, the defendant has a total offense level of 34, resulting in a guideline range of imprisonment of 168 to 210 months. On February 20, 2008, the court notified the parties that the court proposed to reduce the defendant's term of imprisonment from 188 months to 150 months. The government subsequently objected to the proposed sentence reduction, and the defendant has now filed his response. For the reasons that follow, the court will overrule the government's objections and effect the proposed reduction in the defendant's sentence.

The government makes several objections to the proposed reduction. The government asserts that crack cocaine is a dangerous drug, that the defendant played a role in a large-scale crack cocaine distribution conspiracy, and that the defendant was responsible for the distribution of 739.4 grams of cocaine base. The court finds, however, that all of this conduct was known to the court at the time of sentencing and was fully taken into account when fashioning a proper sentence in this case.

The court notes that the defendant has requested a hearing on this matter at which he would present "evidence relevant to the statutory sentencing factors," although the substance of such evidence is unclear. Generally, a court need not conduct a hearing when considering a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000). See also, Fed. R. Civ. P. 43(c)(4). Furthermore, a motion under Section 3582(c)(2) does not constitute a full re-sentencing of the defendant. United States v. Taylor, 414 F.3d 528, 537 (4th Cir. 2005); U.S.S.G. § 1B1.10(a)(3). Therefore, the court will deny the defendant's request for a hearing for lack of good cause shown.

The court notes that in sentencing this defendant, the court relied heavily on the advisory guidelines in establishing a starting point for determining a fair and just sentence. In the court's view, the amendments to the guidelines pertaining to crack cocaine represent a change in the fundamental philosophy and statistical assessment upon which the advisory guidelines are premised. In accord with this change in philosophy, and having considered the factors set forth in 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10, as amended, the court will reduce the defendant's sentence to 150 months. All other terms of the original sentence will remain the same.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 13th day of May, 2008.

                                                */s/ Glen E. Conrad*
                                                United States District Judge